**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Randolph F. Legair,

      Plaintiff,               Case No. 2:01-cv-00985

     vs.                      JUDGE GRAHAM

Circuit City Stores, Inc.,

      Defendant.

**ORDER**

**I.   Introduction**

On May 20, 2003, this court stayed this employment discrimination case and ordered arbitration (Document 44). After that order, Randolf F. Legair ("plaintiff") and his attorney Raymond F. Eichenberger ("Eichenberger") engaged in dilatory tactics and unprofessional conduct toward opposing counsel and the arbitrator, which culminated in their refusal to participate in the court-ordered arbitration against defendant, Circuit City Stores Inc., ("Circuit City").

On July 26, 2005, this court found Eichenberger in contempt and ordered sanctions in the form of reimbursement to Circuit City for the excess costs and expenses caused by his obstructionist actions (Document 75). In that same order, this court confirmed the arbitration award in favor of Circuit City and dismissed plaintiff's case with prejudice.

On August 26, 2005, plaintiff and Eichenberger filed a

notice of appeal to the Sixth Circuit Court of Appeals seeking review of this court's order to arbitrate and this court's order awarding sanctions against Eichenberger.

This matter is now before the court on Eichenberger's motion to stay the enforcement of the contempt sanction pending appeal (Document 77), and Circuit's City's claim for attorney fees (Document 76).

## II.  Discussion

Eichenberger seeks a stay of the sanctions pending his appeal to the Sixth Circuit Court of Appeals.  Further, Eichenberger argues that Circuit City's claim for attorney fees, submitted pursuant to this court's award of sanctions, seeks an "unfair and ridiculous amount."

Eichenberger's request for a stay pending appeal must be denied.  Under F.R.C.P. 62(d), an appellant "by giving a supersedeas bond may obtain a stay."  In this case, Eichenberger has failed to post the required bond.  Therefore, his request for a stay must be denied.

Turning to Circuit City's claim for attorney fees, Eichenberger argues that Circuit City's request of $7,822.00 is unfair and ridiculous absent itemized time records.  Moreover, Eichenberger also seeks an additional twenty-one days to request the time records and to prepare a response to Circuit City's

claimed fees.

To expedite this process, the court orders Circuit City to file with this court and provide to opposing counsel the itemized time records used to calculate their claim for attorney fees by November 30, 2005. Eichenberger will then have until December 15, 2005, to file his response to Circuit City's claim. If Circuit City chooses to file a reply, it must be received by December 23, 2005. Any request for an extension of these deadlines will be strictly reviewed by this court, and any failure, by either party, to meet these deadlines may be viewed as an abandonment of that party's argument.

## III.  Conclusion

For the foregoing reasons, Eichenberger's request for a stay of sanctions pending appeal is denied. Eichenbergers's specific request for twenty-one days to file a response to Circuit City's claim for attorney fees is also denied. Rather, the filing of Circuit City's itemized statements and Eichenberger's response shall proceed according to the schedule set forth above. This court reserves ruling on Circuit City's claim for attorney fees until the matter has been fully briefed.

It is so ORDERED.

s/James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: November 16, 2005

3